IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MATTHEW VENABLE                                                                                           PLAINTIFF

vs.                                 Civil No. 4:07-cv-04075

MICHAEL J. ASTRUE                                                                 DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Matthew Venable ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 7).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

The Plaintiff received benefits as a dependent child on his father's record until he reached age 18 on February 25, 2006. Plaintiff received his last payment in April 2006. Plaintiff protectively filed for SSI on December 20, 2005. (Tr. 43). In this application and in the supporting documents filed with the SSA, Plaintiff alleged he was disabled due to autism. (Tr. 64). Plaintiff alleged an

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

onset date of August 1, 1994. (Tr. 43). These applications were initially denied on March 13, 2006 and were denied again on reconsideration on July 31, 2006. (Tr. 35, 41).

On September 1, 2006, Plaintiff requested an administrative hearing on his application. (Tr. 26). The hearing was held on May 2, 2007. (Tr. 180-223). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *See id.* Plaintiff, Plaintiff's mother, Gwendolyn Venable, and Vocational Expert ("VE") Mack Welch testified at this hearing. *See id.*

The general issue is whether Plaintiff is entitled to Childhood Disability Benefits under Section 202(d) of The Act. Plaintiff must show he is under a disability, which is the inability to engage in substantial gainful activity ("SGA"), due to a physical or mental disability that lasted at least one year. Additional issues are whether the Plaintiff is the child of a wage earner, is unmarried, was dependant on the wage earner, and is under a disability that began prior to his 22nd birthday.

On June 3, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI. (Tr. 11-18). In this decision, the ALJ determined Plaintiff was at least 18 years of age, unmarried and was dependant on the wage earner, John Venable. (Tr. 16, Finding 1). The ALJ determined Plaintiff had not engaged in SGA since August 1, 1994, his alleged onset date. (Tr. 16, Finding 2). The ALJ determined Plaintiff had the following severe impairments: Asperger's Syndrome ( a mild form of autism), a speech impediment, morbid obesity, and knee pain. (Tr. 16, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 3).

The ALJ evaluated Plaintiff's subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr.

15-16). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other symptoms, based upon several findings, including the following: (1) although Plaintiff suffers from autism, he is able to follow verbal and written instructions; (2) he makes very good grades in school and gets along with others; (3) his daily activities do not indicate disabling impairments; (4) he is motivated to work in the future and has done internet research in an employment field involving medicine; and (5) there is no evidence Plaintiff's symptoms or functional limitations have been severe to a disabling degree.

After discounting Plaintiff's subjective complaints, the ALJ the reviewed all the medical evidence and the hearing testimony and determined Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 16, Finding 7). Specifically, the ALJ determined Plaintiff retained the RFC for a wide range of light work. The ALJ found Plaintiff could not work with any stooping, squatting or kneeling due to his knee pain and obesity. (Tr. 17). The ALJ found Plaintiff would have moderate limitations in his ability to respond to co-workers due to his communications skills. The ALJ also found Plaintiff responded poorly to work pressure in a normal work setting and could not work around loud noises. (Tr. 17). Finally the ALJ determined Plaintiff should not work around moving machinery, heights, and should not drive due to seizure reactions from Asperger related symptoms. (Tr. 17).

The ALJ then determined that Plaintiff had no Past Relevant Work ("PRW"). (Tr. 17, Finding 6). However, the VE testified a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy. (Tr. 210-215). For example, the VE testified such a hypothetical person could perform work as a janitorial worker and hospital housekeeper (600,000 such jobs in the State of Arkansas and 3,100,000 in the nation). The

ALJ went on to find Plaintiff was not under a disability from his alleged onset date through the date of the decision. (Tr. 17, Finding 12).

On June 19, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 178). *See* 20 C.F.R. § 404.984(b)(2). The Appeals Council declined to review the decision of the ALJ. (Tr. 4-6). On August 9, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on October 19, 2007. (Doc. No. 7). The case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

4

year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal, claiming the ALJ's disability determination is not supported by substantial evidence; the ALJ erred in finding Plaintiff did not meet a Listing; the ALJ

5

erred in his failing to assess Plaintiff's limitations with his knees when assessing his RFC; and the ALJ failed to develop the record. In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence; the Plaintiff's impairments did not meet or equal a Listing; the ALJ properly considered Plaintiff's knee pain in his RFC determination; and the ALJ fully and fairly developed the record.

### A. ALJ's Evaluation of the Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits his physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included Asperger's Syndrome ( a mild form of autism), a speech impediment, morbid obesity, and knee pain. (Tr. 12). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff first attempts to show he has a listed impairment by setting forth twenty (20) diagnoses that appear throughout the record. (Doc. No. 8 pg. 3). However, Plaintiff fails to show his impairments meet or equal any specific listing. A diagnosis is not disabling *per se*. There must be a functional loss establishing an inability to engage in substantial gainful activity before a

disability occurs. *See Trenary v. Brown*, 898 F.2d 1361,1364 (8th Cir. 1990).

Plaintiff then specially argues he meets Listing 12.10 for Autistic Disorder and Other Pervasive Developmental Disorders. Listing 12.10 sets forth the criteria a Plaintiff must meet to satisfy the Listing for Autism stating:

> A. Medically documented findings of the following:
>     1. For autistic disorder, all of the following:
>         a. Qualitative deficits in reciprocal social interaction; and
>         b. Qualitative deficits in verbal and non-verbal communication and in imaginative activity; and
>         c. Markedly restricted repertoire of activities and interests;
> OR
>
>     2. For other pervasive developmental disorders, both of the following:
>         a. Qualitative deficits in reciprocal social interaction; and
>         b. Qualitative deficits in verbal and nonverbal communication and in imaginative activity;
> AND
>
> B. Resulting in at least two of the following:
>     1. Marked restrictions of activities of daily living; or
>     2. Marked difficulties in maintaining social functioning; or
>     3. Marked difficulties in maintaining concentration persistence or pace; or
>     4. Repeated episodes of decompensation each of extended duration.

20 C.F.R. Pt. 404, Subpt. P, App. 1.

Plaintiff was diagnosed with Asperger's Syndrome, however, the record medical evidence does not support a finding that Plaintiff meets Listing 12.10. The "A" criteria of Listing 12.10 requires evidence of deficits in social interaction, verbal and non-verbal communication, and imaginative activity and marked restrictions in the repertoire of activities and interests.

As for social interaction, Plaintiff testified he is in school, not having trouble with his classes and he gets along well with his parents. (Tr. 191). Plaintiff's mother filed out a Function Report-Adult on February 13, 2006, and indicated Plaintiff did not have any problems getting along with

7

others, and Plaintiff showed no changes in his social activities as a result of his condition. (Tr. 60).

On March 3, 2006 Plaintiff underwent an Intellectual and Mental Status Evaluation. This was conducted by Dr. Kenneth Hobby. (Tr. 100-114). Dr. Hobby found Plaintiff had no unusual social behaviors and was able to get along with his parents, siblings, teachers and schoolmates. (Tr. 112).

The record does not show severe levels of verbal and non-verbal communication deficits. Although Plaintiff does have a speech impediment, Dr. Hobby was able to understand Plaintiff and found Plaintiff was able to communicate effectively. (Tr. 111). Dr. Hobby found Plaintiff's grammar was adequate for communicating information on a job. (Tr. 111). The record does not support a finding of deficits in imagination activity. Plaintiff testified he enjoys listening to music and playing on his computer. (Tr. 186-188). Dr. Hobby found Plaintiff had a normal stream of mental activity and his thought processes were spontaneous and logical. (Tr. 103).

The record does not reflect a marked restriction in activities and interests. Plaintiff was two weeks from graduating high school at the time of hearing and indicated he hoped to continue his education by going to college and becoming a nurse. (Tr. 185). Plaintiff also indicated he enjoyed watching televison, playing computer games, reading books and listening to music. (Tr. 59).

The "B" criteria of Listing 12.10 requires a showing of marked restrictions in activities of daily living, difficulties in social functioning and in maintaining concentration, persistence or pace, and episodes of decompensation of extended duration. The record does not support a finding that these restrictions have been met.

As set out above, Plaintiff's activities are not markedly restricted. Plaintiff attends school, has shown interest in college, and enjoys computer games, reading music and televison.

8

Additionally, Plaintiff has indicated he has no problems with personal care. (Tr. 56). Plaintiff does not appear to have marked difficulties with concentration, persistence or pace as he makes A's and B's in school and plans on attending college. (Tr. 185-188). Finally, there is no evidence showing Plaintiff has had any episodes of decompensation.

I find substantial evidence supports the ALJ's determination Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1.

### **B. ALJ's RFC Determination**

Plaintiff argues that the ALJ erred in evaluating his RFC by failing to consider his knee pain in the RFC determination. Defendant argues the ALJ's RFC determinations are supported by substantial evidence in the record.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its

RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In the present action, the ALJ determined that Plaintiff suffered from the severe impairments of Asperger's Syndrome ( a mild form of autism), a speech impediment, morbid obesity, and knee pain. (Tr. 16, Finding 3). However, not all of the ALJ's findings regarding these limitations are in dispute. Plaintiff only disputes the ALJ's RFC findings regarding his knee pain. Therefore, this Court will only address this issue.

In 2004 Plaintiff underwent left knee surgery. (Tr. 167-170). Plaintiff testified that after having surgery to correct a problem with his knee caps, his knees do not bother him anymore. (Tr. 187). On February 13, 2006, Plaintiff's mother completed a Disability Determination For Social Security Pain form and indicated Plaintiff does not have problems with pain, and is not taking any pain medication. (Tr. 63-64). Also, on February 13, 2006, Plaintiff's mother completed a Function Report-Adult form and indicated Plaintiff could walk for about half mile and stated walking, standing, and stair climbing did not present a problem for Plaintiff. (Tr. 60).

Further, the ALJ did consider Plaintiff's complaints of knee pain in determining his RFC. The ALJ found Plaintiff was unable to perform a job which would require any stooping, squatting, or kneeling as a result of obesity and knee problems. (Tr. 17). This limitation was based on Plaintiff's testimony that during a recent class to learn CPR, he was required to kneel on the floor and was unable to rise without assistance. (Tr. 190).

I find substantial evidence supports the ALJ's RFC determination that while Plaintiff suffers knee pain, the pain was not disabling.

### C. Duty to Fully Develop the Record

Plaintiff argues the ALJ failed to properly develop the record. The Defendant argues and ALJ satisfied his duty to fully and fairly develop the record.

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).

In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993). Plaintiff has failed to demonstrate either that the record was not fully developed, or prejudice if the record was not in fact fully and fairly developed.

Plaintiff argues the ALJ relied on the opinions on non-treating, non-examining physicians, who failed to review all the reports of the treating physicians, to form an opinion regarding Plaintiff's RFC. Although the ALJ did consider the opinions of these reviewing physicians, the ALJ also considered Plaintiff's testimony, the testimony of Plaintiff's mother, school records, a Mental Status and Functioning examination performed on March 3, 2006, (Tr. 100-114), speech therapy records from September 3, 2003, (Tr. 95-99), and the testimony of a VE in finding Plaintiff not disabled.

(Tr. 12-16).

### D. Hypothetical Question to VE

Additionally, as part of his argument regarding the alleged failure to develop the record, Plaintiff argues the VE ignored the ALJ's restriction on Plaintiff standing and walking two hours a day in finding light work existed which Plaintiff was capable of performing. However, the ALJ offered two different hypothetical questions. In the first hypothetical, the ALJ limited Plaintiff to sedentary activity and standing and walking two hours a day. (Tr. 212-213). In the second hypothetical, the ALJ limited Plaintiff to light level work activity which included the ability to stand and walk six hours a day. (Tr. 213-214). In response, the VE testified that such an individual would be able to perform work including janitorial worker or hospital housekeeper, with jobs totaling 3.1 million in the national economy. (Tr. 215).

I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

## 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **25th day of August, 2008.**

                                                    /s/  Barry A. Bryant
                                                  HON. BARRY A. BRYANT
                                                  U.S. MAGISTRATE JUDGE